**Doren L. MARTIN, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 2–1183–A–417.**

Court of Appeals of Indiana,
Second District.

Nov. 13, 1984.

---

Susan K. Carpenter, Public Defender, Melanie C. Conour, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Petitioner, Doren L. Martin (Martin) appeals the denial of a petition for post-conviction relief. In 1975, Martin was convicted of Armed Robbery after a plea of guilty. Martin contends the guilty plead was invalid because, at the guilty plea hearing, the trial court failed to advise him of his right to a public and speedy trial, to confront and cross-examine witnesses and to have compulsory process for witnesses in his favor. The State maintains that the overall record showed Martin was sufficiently apprised of all the rights waived and that the post-conviction petition was barred by laches. The Marion County trial court found that the plea of guilty was entered knowingly, intelligently and voluntarily and that Martin's petition, filed July 15, 1983, was barred by laches, as this remedy was available to him since April 11, 1975.

Martin alleges the trial court erred in concluding that:

(1) Martin's guilty plea was entered knowingly, intelligently and voluntarily after a full advisement of all constitutional rights waived by such plea, and

(2) The post-conviction petition was barred by the doctrine of laches.

In challenging the denial of his post-conviction petition, Martin has the burden of proving his allegations by a prepon-

derance of the evidence. Ind.Rules of Procedure, Post Conviction Rule 1, § 5. A decision will be reversed only where the evidence is without conflict and leads to a conclusion contrary to that reached by the trial court. *Early v. State* (1982) Ind., 442 N.E.2d 1071.

In reaching its conclusion that the plea was validly entered, the post-conviction court referred to the enumeration of rights contained in the plea agreement and in the Motion to Withdraw Former Plea of Not Guilty (Motion). Additionally, the trial court found that Martin was represented by "competent counsel", defined in part as counsel who advised a client of the rights waived by pleading guilty. The written plea agreement, the Motion and the advice of counsel appear to have been the determinative factors in the post-conviction court's decision that Martin was meaningfully informed of the rights he was waiving by pleading guilty.

Until October 10, 1984, the binding Indiana case precedent clearly called for a reversal of a conviction obtained pursuant to a guilty plea under circumstances such as before us. However, on that date our supreme court decided *Williams v. State* Ind., 468 N.E.2d 1036 holding as follows:

"In *German v. State*, (1981) Ind., 428 N.E.2d 234, this Court held that a written plea agreement entered into beyond the sight and hearing of the court may not be considered an adequate substitute for specifically addressing the subject on so fundamental a matter as the concept of waiver. *German*, was decided December 3, 1981. However, the guilty plea hearing in the case at bar was held on December 4, 1979. Consequently, we will use the standard of review employed in *Neeley v. State*, (1978) 269 Ind. 588, 382 N.E.2d 714, and look to the entire record to determine if petitioner was fully advised of and understood his constitutional rights. *Cf. Turman v. State* (1979) 271 Ind. 332, 392 N.E.2d 483."

The *Williams* case, therefore, has impliedly overruled all cases which applied *German v. State* (1981) Ind., 428 N.E.2d 234 retroactively, i.e., to guilty pleas entered prior to December 3, 1981.

Representative of such cases involving right advisement failure by court, notwithstanding a record reflecting knowledge and understanding of the rights, are: *Anderson v. State* (Decided July 23, 1984) Ind., 465 N.E.2d 1101 (guilty plea February 5, 1979); *Davis v. State* (Decided April 13, 1983) Ind., 446 N.E.2d 1317 (guilty plea prior to April 5, 1978); *Early v. State* (Decided December 22, 1982) Ind., 442 N.E.2d 1071 (guilty plea April 10, 1979); *Morrison v. State* (2d Dist., August 9, 1984) Ind.App., 466 N.E.2d 783 (guilty plea 1974); *Davis v. State* (1st Dist., June 18, 1984) Ind.App., 464 N.E.2d 926 (guilty plea October 1, 1976); *see also Austin v. State* (decided August 9, 1984) Ind., 466 N.E.2d 445.

█ Inasmuch as the guilty plea before us was entered in 1975, we must look to the record to determine if Martin was fully advised of, and understood his constitutional rights. In light of the facts heretofore set forth we necessarily conclude that the guilty plea was not invalidated by the failure of the trial judge to specifically advise him of his right to a public and speedy trial, to confront and cross-examine witnesses and to have compulsory process for witnesses in his favor.

The application of *Williams v. State, supra,* to the case before us, however, does not end our inquiry.

█ Various defense attorneys and prosecutors, as well as two separate trial courts, were confronted with this particular guilty plea over the course of nearly nine years. No one has ever challenged the fact that Martin was convicted of a crime with which he was not charged. The fact that this issue was not raised at the trial level, the post-conviction hearing or in this appeal does not permit us to ignore such fundamental error at the appellate level. *Griffin v. State* (1982) Ind., 439 N.E.2d 160, 162; *Addis v. State* (4th Dist.1980) Ind. App., 404 N.E.2d 59, 62, *trans. denied.*

The facts most favorable to the prosecution show that Martin, age 17, was one of three men involved in an attempt to rob Mildred L. Roberts in her home on September 7, 1974. Mrs. Roberts struggled briefly with one of her attackers after which all three would-be robbers fled. Two of the three, including Martin, were charged as juveniles, although Martin was later waived over to adult court.

The parties executed a plea bargaining agreement, filed with the trial court on March 14, 1975, in which Martin agreed to plead guilty as charged and further agreed to testify against one of his accomplices should that accomplice be brought to trial. The State in turn agreed to recommend that Martin be sentenced under the Minors' Statute, Ind.Code Stat. § 9–1815 (Burns 1929, repealed 1976) which permitted the court to sentence Martin to one year at the Indiana State Farm as a first felony offender. This agreement was accepted by the court on March 14, 1975, and Martin was sentenced on April 11, 1975, in accordance therewith. The sentence there imposed has been fully served.

Subsequently, Martin was arrested in Owen County, Indiana, in 1981 and charged with burglary, theft, robbery and with being an habitual offender. Part of the basis for the habitual offender charge was the 1975 conviction challenged in this appeal. Martin again pled guilty as charged. In appealing from his conviction, Martin apparently did not question the underlying basis for the habitual offender charge. Instead, he argued that he had been improperly charged as an habitual offender because the charge was filed after the Owen trial court received and accepted his guilty plea. Our supreme court agreed and set aside the 1981 guilty plea when it determined that Martin was not timely advised of the effect the habitual offender charge would have on his sentence prior to the court accepting the guilty plea. *See Martin v. State* (1983) Ind., 453 N.E.2d 199.

Omitting formal language, the information filed against Martin in 1974 read as follows:

> "That Doren L. Martin ... on or about the 7th day of September, A.D., 1974, at and in the County of Marion in the State of Indiana, did then and there unlawfully and feloniously, being over the age of sixteen (16) years of age, *attempt to commit the crime of robbery,* a felony, while armed with a dangerous or deadly weapon, to-wit: A HANDGUN held in the hands of DOREN L. MARTIN and DANIEL SEXTON, in that they did then and there unlawfully, feloniously and forcibly by violence and putting MILDRED L. ROBERTS in fear, *attempt* to take from the person and possession of the said MILDRED L. ROBERTS, U.S. CURRENCY, of an undetermined value, which property the said MILDRED L. ROBERTS then and there lawfully held in her possession and was then and there the property of MILDRED L. ROBERTS ...." Record at 11. (Emphasis supplied)

■ The language of the Information unequivocably charged Martin with *attempted* Armed Robbery.[1] "An essential element of the crime of robbery is the taking of an article of value." *Pulliam v.*

---

1. Ind.Ann.Stat. § 10–4709 (Burns, 1933, repealed 1976) provided as follows:

> 10–4709. Commission of or attempt to commit crime while armed with deadly weapon.— Any person who being over sixteen [16] years of age, commits or attempts to commit either the crime of rape, robbery, bank robbery, petit larceny or grand larceny while armed with a pistol, revolver, rifle, shotgun, machine gun or any other firearm or any dangerous or deadly weapon, or while any other person present and aiding or assisting in committing or attempting to commit either of said crimes is armed with any of said weapons, shall be guilty of a separate felony in addition to the crimes above named and upon conviction shall be imprisoned for a determinate period of not less than ten [10] years nor more than twenty [20] years, to be fixed by the court: Provided, That such court shall have the right to provide in the judgment that such term of imprisonment shall not run concurrently with any imprisonment that may be adjudged for either of the crimes first above enumerated but that such term of imprisonment shall be served beginning at the expiration of the imprisonment adjudged for either of said first named crimes. *See,* I.C. 35–42–5–1 (Burns Code Ed.1979) for current law.

*State* (1976) 264 Ind. 381, 345 N.E.2d 229. *See also, Riley v. State* (1976) 265 Ind. 43, 349 N.E.2d 704; *Goldstine v. State* (1952) 230 Ind. 343, 103 N.E.2d 438. Therefore, to sustain a conviction for Armed Robbery, the State must allege and prove beyond a reasonable doubt that Martin in fact took an item of value from the victim. Instead the record indicates that no one contested Martin's denial of robbing Mrs. Roberts, the victim.[2]

The supreme court cited with approval the following language from *Addis v. State, supra,* 404 N.E.2d at 62–63:

"It is a fundamental tenet of pleading criminal causes that the Information must set 'forth the nature and the elements of the offense charged in plain and concise language ....' Ind.Code 35–3.1–1–2 .... To permit a 'conviction upon a charge not made would be sheer denial of due process.' *Thompson v. City of Louisville* (1960) 362 U.S. 199, 206, 80 S.Ct. 624, 629, 4 L.Ed.2d 654. [Other citations omitted] .... It is no defense that this error was not presented to the trial court or argued by appellant in her initial appellate brief. We do not believe defense counsel's ineptitude is (sic) not calling to the court's attention the fact Joretta Addis was convicted upon a charge never made authorizes us to further perpetuate this error by reviewing whether the evidence was sufficient to support a conviction upon a charge never made."

*Griffin, supra,* 439 N.E.2d at 162.

■ It seems incomprehensible that Martin was permitted to plead guilty to a crime with which he was not charged and of which he was, according to the record, not guilty, when a simple reading of the Information would have disclosed the true charge of attempted robbery. As worded,

the Information did not allege that anything of value was taken from the victim; therefore, Martin could not have been convicted of robbery unless the Information had been amended. There is no evidence that this Information was ever changed in any way or that the prosecutor even contemplated a charge of robbery. Whether the State could have proven Martin guilty of robbery is not dispositive for "[t]he law requires ... that the State not only prove the offense for which a defendant is sentenced, but that such offense be included in the charge made against him." *Lechner v. State* (2d Dist.1982) Ind.App., 439 N.E.2d 1203, 1207 quoting *Allison v. State* (2d Dist.1973) 157 Ind.App. 277, 283, 299 N.E.2d 618, 622.

■ The foregoing discussion, however, does not compel a vacation of the guilty plea. Martin pled guilty as agreed and in return received the benefit of the prosecutor's recommendation that Martin be sentenced under the Minors' Statute. By accepting the plea agreement, the trial judge could only find Martin guilty of attempted armed robbery; therefore, the circumstances require that we acknowledge the actual plea and correct the judgment of conviction to reflect the terms of the agreement. Ind. Rules of Procedure, Appellate Rule 15(N), *Ritchie v. State* (1963) 243 Ind. 614, 189 N.E.2d 575; *McFarland v. State* (2d Dist. 1979) 179 Ind.App. 143, 384 N.E.2d 1104.

For all the foregoing reasons, the cause is remanded to the trial court with instructions to modify the judgment to reflect a conviction of attempted armed robbery. In all other respects the judgment denying post conviction relief is affirmed.

BUCHANAN, C.J., and SHIELDS, J., concur.

---

2. At the guilty plea proceedings, the following exchange occurred between the trial court and Martin:

"Q. Was she alone?
A. No, sir, her husband was there.
Q. You held up them both? [sic]
A. Yes sir.
Q. Anybody else in the house?
A. No sir.
Q. How much money did you get?
A. None sir.
Q. What did you get?
A. Nothing sir.
Q. Why didn't you get any money?
A. Because her husband come out and I got scared so I just run." Record at 171.