**Deetra J. (Shelby) MARTIN, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 4-1183A398.

Court of Appeals of Indiana, Fourth District.

Dec. 17, 1984.

Susan K. Carpenter, Public Defender, Melanie C. Conour, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Deetra J. (Shelby) Martin initiated this suit for post-conviction relief in an effort to set aside her earlier plea of guilty to assault and battery with intent to commit a felony. The trial court denied her petition, finding that her guilty plea was entered knowingly, voluntarily, and intelligently and that her claim was barred by laches because of her delay in seeking relief. On appeal, Martin challenges both of these findings as contrary to law.

We affirm.

■ Because Martin had the burden of proving she was entitled to relief, she is

here appealing a negative judgment. *Early v. State*, (1982) Ind., 442 N.E.2d 1071. Thus, we will reverse only if the undisputed evidence at trial leads inescapably to a result contrary to that reached by the trial court. *Id.*

Martin entered her guilty plea on June 17, 1974, nearly a year after the effective date of IND.CODE 35–4.1–1–3 (now codified at IC 35–35–1–2 (1982)), which requires the trial judge personally to advise the defendant of the rights he or she is waiving by pleading guilty. Beginning on December 3, 1981, with its decision in *German v. State*, (1981) Ind., 428 N.E.2d 234, our supreme court has held repeatedly that strict compliance with this statute is mandatory and that a guilty plea entered after the statute's effective date must be vacated if the trial judge did not personally advise the defendant of the rights enumerated in it. Many of these decisions applied the holding in *German* retrospectively to guilty pleas entered before that case was decided. *See, e.g., Anderson v. State*, (1984) Ind., 465 N.E.2d 1101; *Davis v. State*, (1983) Ind., 446 N.E.2d 1317; *Early v. State*, (1982) Ind., 442 N.E.2d 1071.

 Recently, however, in *Williams v. State*, (1984) Ind., 468 N.E.2d 1036, the supreme court has held that in reviewing pleas entered before *German* was decided we will not require strict compliance with IC 35–4.1–1–3, but rather we will look to the entire record to determine whether the defendant was aware of the rights he was waiving by pleading guilty. In light of this holding, we can only conclude that the supreme court's prior decisions applying *German* retrospectively have been impliedly overruled. *See Martin v. State*, (1984) Ind. App., 470 N.E.2d 733. Thus, in reviewing Martin's guilty plea, we will affirm if the entire record of her guilty plea hearing shows that she understood what rights she was waiving when she pled guilty. *See Williams, supra; Martin, supra.*

The record shows Martin did understand her rights. Although the trial court did not advise Martin that the state was required to establish her guilt beyond a reasonable doubt, the court had before it a form, signed by Martin, saying she was aware of her constitutional rights, including the right to a public, speedy jury trial in which the state would bear the burden of proving her guilty beyond a reasonable doubt. Martin told the judge that her attorney had explained to her all the rights stated in this form. Based on similar facts, in a decision prior to *German*, our supreme court found the record before them adequate to show the petitioner understood the rights he was waiving by pleading guilty. *Clark v. State*, (1978) 270 Ind. 104, 383 N.E.2d 321 (written plea agreement setting forth petitioner's rights, and signed by him, sufficient to show he knowingly waived his rights). We accordingly hold that under the standard set in *Williams v. State, supra*, the trial court was entitled to find Martin's guilty plea had been entered knowingly, voluntarily, and intelligently.

Affirmed.

MILLER, P.J., and CONOVER, J., concur.