Gregory A. JOHNSON, Appellant
(Petitioner below),

v.

STATE of Indiana, Appellee
(Respondent below).

No. 883S304.

Supreme Court of Indiana.

Dec. 21, 1984.

Susan K. Carpenter, Public Defender, Melanie C. Conour, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, Gregory A. Johnson, is before this Court appealing from the denial of his petition for post-conviction relief under Post-Conviction Relief, Rule 1. He pled guilty to robbery on May 10, 1978, under a plea agreement in which he was sentenced to a term of imprisonment of twenty-five years. On November 13, 1981, petitioner filed his *pro se* petition for post-conviction relief alleging that the trial court failed to advise him, pursuant to Ind. Code § 35–35–1–2 (Burns 1984 Supp.), that the plea waived his right to a public and speedy trial, that the court was not a party to the plea bargain and was not bound by it, that his sentence could be increased because of prior convictions and that he was admitting the truth of the facts alleged against him. He also alleged he had been denied effective assistance of counsel and that the court did not establish a factual basis for the plea.

The state failed to answer this *pro se* petition and in June of 1982, petitioner filed a *pro se* motion for default judgment. The state then submitted its answer and pauper counsel was appointed for petitioner. Petitioner filed a motion to strike the state's answer, but this motion, the motion for default judgment and the petition for post-conviction relief were all denied by the trial court after a hearing. Petitioner now raises substantially the same issues in this appeal as he raised in his post-conviction petition.

At the outset it is recognized that petitioner had the burden of proving his

grounds for relief by a preponderance of the evidence at the post-conviction relief proceeding. Ind.R.P.C. 1 § 5; *Turman v. State,* (1979) 271 Ind. 332, 392 N.E.2d 483. In our review of the denial of a petition for post-conviction relief, this Court does not weigh the evidence or judge the credibility of witnesses. Only when the evidence is without conflict and leads to but one reasonable conclusion contrary to that reached by the trier of fact will the decision be reversed as contrary to law. *Henson v. State,* (1979) 271 Ind. 325, 392 N.E.2d 478.

■ In this case, two of the issues involving the voluntariness of the guilty plea compel us to reverse the trial court's judgment so we do not consider the other issues petitioner has raised. The record shows that the trial court did not specifically advise petitioner of his right to a speedy trial or that his sentence could be increased due to prior convictions.

The court did address the petitioner at the guilty plea hearing and advise him of some of the constitutional rights he was waiving. The court told petitioner that he had a right to a trial by jury and to see and hear all the witnesses against him. The court also stated that petitioner had the right to bring in his own witnesses and that he was giving up all those rights by pleading guilty. While this general discussion about the right to a jury trial may have been sufficient to inform petitioner that the trial was a public trial, it clearly did not inform him that he had a right to a speedy trial. The court did advise petitioner of the maximum and minimum sentences he could face for the offense of robbery but did not tell petitioner that his sentence could be increased because of his prior convictions. The record shows that petitioner had a history of several prior juvenile and adult offenses and there was some discussion at the guilty plea hearing about how many days petitioner had been released from parole at the time of the instant offense.

The state argues that all of petitioner's constitutional rights were listed in the plea agreement which petitioner had signed and that this was sufficient to inform him of his right to a speedy trial. However, the state admits that the court did not specifically mention petitioner's right to a speedy trial or refer specifically to any of the rights listed in the plea agreement at the guilty plea hearing. The court only referred to the plea agreement in general terms by asking petitioner if he had read it and if he understood it.

This Court has consistently held that the record must show that the trial court informed the accused person of all the constitutional rights he is waiving by direct statements at the time of the guilty plea. Strict compliance with our statute is demanded of the trial courts in order to determine that any waiver of fundamental constitutional rights is knowingly and intelligently given. *Davis v. State,* (1983) Ind., 446 N.E.2d 1317; *Early v. State,* (1982) Ind., 442 N.E.2d 1071; *German v. State,* (1981) Ind., 428 N.E.2d 234. Here, it is clear that the trial court did not inform petitioner in any manner of his right to a speedy trial at the time he accepted the guilty plea. The conclusion of the post-conviction court that petitioner was adequately informed of this right is not supported by the evidence. Therefore, the judgment denying relief to petitioner on this issue is contrary to law and must be reversed.

Furthermore, the state also admits that the trial court failed to inform petitioner that his sentence could be increased due to his prior convictions. The state argues that this did not harm petitioner in this case since the written plea agreement provided for a specific mitigated sentence of twenty-five years and the court was bound by the terms of the agreement if it was accepted.

In several recent cases, we have dealt with this issue and the majority of this Court has held that failure to strictly comply with the terms of our statute which mandates this type of advisement is a failure to meet an absolute prerequisite to the acceptance of a guilty plea. *Hoelscher v. State,* (1984) Ind., 465 N.E.2d 715; *Avery v. State,* (1984) Ind., 463 N.E.2d 1088; *Johnson v. State,* (1983) Ind., 453 N.E.2d

975. We have explained that an understanding of the range of possible sentences is one of the essential factors in making an informed judgment as to whether or not to enter a guilty plea. *Austin v. State*, (1984) Ind., 468 N.E.2d 1027.

In this case it appears that petitioner thought the court might be persuaded to give him the minimum sentence of twenty years because of certain mitigating circumstances involving the victim's actions just prior to the crime even though the sentence of twenty-five years was specifically stated in the plea agreement. Since petitioner was aware of possible mitigating circumstances in his case, it was especially important that he should also have been made aware of the aggravating circumstances of his prior criminal convictions.

It is clear that the trial court did not fully comply with the mandatory requirements of our statute. Therefore this cause is remanded to the trial court with instructions to vacate the guilty plea and to reinstate the plea of not guilty.

PRENTICE, J., concurs.

DeBRULER, J., concurs in result.

GIVAN, C.J., and PIVARNIK, J., dissent.