**Doren L. MARTIN, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

**No. 2–1183A417.**

Court of Appeals of Indiana, Second District.

Feb. 21, 1985.

Susan K. Carpenter, Public Defender of Ind., William L. Touchette, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

## OPINION ON PETITION FOR REHEARING

Doren L. Martin (Martin) petitions for rehearing of our decision and opinion in *Martin v. State* (1984) 2d Dist., Ind.App., 470 N.E.2d 733. Based upon *Williams v. State* (1984) Ind., 468 N.E.2d 1036, we held that a review of the entire record of the guilty plea proceedings indicated that Martin's guilty plea was entered knowingly, intelligently and voluntarily.

In *Williams,* our Supreme Court declined to apply *German v. State* (1981) Ind., 428 N.E.2d 234, to a guilty plea proceeding conducted prior to the *German* decision.[1] Instead, the court relied upon the test enunciated in *Neeley v. State* (1978) 269 Ind. 588, 382 N.E.2d 714, and looked "to the entire record to determine if petitioner was fully advised of and understood his constitutional rights." *Williams, supra,* 468 N.E.2d at 1037.

Martin's guilty plea hearing, held in 1975, also occurred prior to the *German* decision. At the guilty plea hearing, Martin was not *personally* advised of his right to confront and cross-examine witnesses, to have compulsory process for witnesses in his favor, and of his right to a public and speedy trial. Applying the *Neeley* standard, however, we determined that a review of the entire record, including the written plea agreement, indicated that Martin was adequately informed and knew the consequences of his guilty plea. In light of *Johnson v. State* (1984) Ind., 471 N.E.2d 1107, we are now inclined to agree that Martin is entitled to have this guilty plea vacated.

*Johnson, supra,* involved a guilty plea entered on May 10, 1978, prior to the decision in *German.* Johnson filed his petition for post-conviction relief alleging in part that he had not been advised that by pleading guilty he was waiving certain constitutional rights, such as the right to a public and speedy trial. Although these rights were set forth in the plea agreement signed by Johnson, our Supreme Court granted the relief requested. In vacating the guilty plea, the court stated that the trial court must inform "the accused person of all the constitutional rights he is waiving by direct statements at the time of the guilty plea." *Id.,* 471 N.E.2d at 1108. The court further stated that the statutory advisement of rights is "an absolute prerequisite to the acceptance of a guilty plea." *Id.* at 1108.

The implication of the *Johnson* opinion casts doubt upon the efficacy of *Williams, supra,* 468 N.E.2d 1036, in that it gives retroactive application to *German, supra,* 428 N.E.2d 234. To the extent that our original opinion relied upon *Williams, supra,* it was apparently erroneous. However, in light of the split vote in *Johnson,* we are unable to so state with absolute certainty. Nevertheless we feel constrained to our result by our Supreme Court's most recent pronouncement in *Johnson.* If it is to be otherwise, that court will no doubt clarify the matter.

Accordingly, we grant the Petition for Rehearing and vacate our earlier mandate directing the trial court to modify the judgment to reflect a conviction of attempted armed robbery. This cause is now remanded with instructions to set aside the guilty plea and the judgment entered thereon.

BUCHANAN, C.J., and SHIELDS, J. concur.

---

1. In *German,* our Supreme Court held that strict compliance with the terms of I.C. 35–4.1–1–3 was required to insure that a defendant is adequately informed of the consequences of his guilty plea. 428 N.E.2d at 236. [I.C. 35–4.1–1–3 repealed effective September 1, 1982. Current law is at I.C. 35–35–1–2 (Burns Code Ed.Supp. 1984).]