Deetra J. (Shelby) MARTIN, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 4–1183A398.

Court of Appeals of Indiana,
Fourth District.

Feb. 26, 1985.

Rehearing Denied Mar. 27, 1985.

Susan K. Carpenter, Public Defender, William L. Touchette, Melanie C. Conour, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

## ON PETITION FOR REHEARING

Deetra J. (Shelby) Martin brought this appeal from the trial court's denial of her petition for post-conviction relief. In our original decision, *Martin v. State* (1984), Ind.App., 471 N.E.2d 1190, we affirmed, holding that the entire record of the guilty plea at issue showed Martin pled guilty knowingly, voluntarily, and understandingly. Martin has challenged this holding in a timely-filed petition for rehearing. After examining our supreme court's most recent decisions, we agree with Martin that we applied an incorrect standard of review in our original decision. We accordingly grant rehearing and substitute the following for our previous decision in this case.

The facts are undisputed. At Martin's guilty plea hearing, the trial court did not advise Martin that by pleading guilty she waived her right to have the state prove her guilt beyond a reasonable doubt, as required by IND.CODE 35–4.1–1–3 (now codified at IC 35–35–1–2 (Supp.1984)). The court, however, had before it a form, signed by Martin, saying she was aware of her constitutional rights, including the right to a jury trial in which the state would bear the burden of proving her guilt beyond a reasonable doubt. The only issue on appeal is whether the court hearing Martin's petition was entitled to consider Martin's written plea agreement in determining whether her guilty plea was entered voluntarily and intelligently.

Our supreme court, faced with similar facts in *German v. State* (1981), Ind., 428 N.E.2d 234, held that the trial court may not rely on such written agreements, but must strictly comply with the requirements of IC 35–4.1–1–3 by personally advising the one pleading guilty of the rights he is waiving thereby. In several later decisions, the supreme court applied *German* retroactively to guilty pleas entered after IC 35–4.1–1–3 was enacted but before *German* was handed down. In these deci-

sions, the court repeatedly held that, where the trial court failed to personally advise the defendant of his rights, the resulting guilty plea must be vacated, even though the record as a whole showed the defendant understood his rights. *E.g., Anderson v. State* (1984), Ind., 465 N.E.2d 1101; *Davis v. State* (1983), Ind., 446 N.E.2d 1317; *Early v. State* (1982), Ind., 442 N.E.2d 1071.

Notwithstanding these decisions, however, in October 1984, the supreme court held that in reviewing guilty pleas entered before *German* we must "look to the entire record to determine if [the] petitioner was fully advised of and understood his constitutional rights." *Williams v. State* (1984), Ind., 468 N.E.2d 1036, 1037. In light of this holding, we concluded in our original opinion that the supreme court had overruled all of its earlier decisions, cited above, applying the "strict compliance" standard of *German* retroactively. This led to our holding that, as Martin had pled guilty before *German* was decided, the post-conviction court was entitled to consider Martin's written statement as evidence that she knowingly waived her constitutional rights.

After our decision was handed down, however, the supreme court made another ruling on this point. In *Johnson v. State* (1984), Ind., 471 N.E.2d 1107, faced with a guilty plea entered prior to the *German* decision, the supreme court held that, where the trial court had not personally advised the petitioner of his right to a speedy trial, the petitioner was entitled to relief from his guilty plea, even though the petitioner had signed a plea agreement listing all his rights, including the right to a speedy trial. The supreme court based this decision on *Davis v. State, supra,* and *Early v. State, supra,* and did not mention the ruling in *Williams*.

Given the obvious conflict between the statement of the law in *Williams* and the clear holding in *Johnson*, we are at a loss to say with any confidence what is the supreme court's actual view. Nevertheless, we are inclined to follow the more

recent decision in *Johnson*, a decision that is in keeping with the earlier rulings in *Anderson, Davis,* and *German*. We find no material distinction between the facts in this case and those in *Johnson*. Thus, contrary to our original decision, we now hold that Martin's guilty plea was not entered knowingly, voluntarily, and intelligently, as the court accepting her plea failed to advise her personally that the state bore the burden of proving her guilty beyond a reasonable doubt, as required by IC 35–4.1–1–3. We accordingly find that the trial court's decision denying Martin's petition was contrary to law.

Martin's petition for rehearing is granted, and our original decision in this cause is hereby vacated. The trial court's judgment is reversed, and the cause is remanded with instructions to vacate Martin's guilty plea.

MILLER, P.J., and CONOVER, J., concurs.