**Deetra J. (Shelby) MARTIN, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 785S274.

Supreme Court of Indiana.

July 10, 1985.

Susan K. Carpenter, Public Defender William L. Touchette, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

### ON CRIMINAL PETITION TO TRANSFER

PRENTICE, Justice.

This cause is before us upon the petition of the State (Appellee) to transfer it from the Court of Appeals, Fourth District, following its reversal of the trial court's denial of Martin's petition for post-conviction relief. Because we find that the decision of the Court of Appeals contravenes ruling precedent of this Court, as hereinafter set forth, we grant the State's petition to transfer, order vacated the opinions of the Court of Appeals reported at 471 N.E.2d 1190 and 475 N.E.2d 37, and affirm the trial court's judgment denying post-conviction relief.

Martin's petition for post-conviction relief alleged that her plea of guilty to assault and battery with intent to commit a felony was not entered knowingly, intelligently, and voluntarily because the trial court had not advised her of all of the rights she was waiving by pleading guilty as is required by Ind.Code § 35–4.1–1–3 (Burns 1979) [repealed 1982; for provision effective September 1, 1982, see Ind.Code § 35–35–1–2 (Burns 1985) ], and specifically that it had failed to advise her of her right to a *speedy trial* and to compel the State to prove the charge against her *beyond a reasonable doubt.*

Following a hearing on the petition, the trial court denied it, specifically finding that her guilty plea was entered knowingly, intelligently, and voluntarily and that her claim was barred by laches. She appealed.

The Court of Appeals in *Martin v. State* (1984), Ind.App., 471 N.E.2d 1190, relying upon this Court's decision in *Williams v. State* (1984), Ind., 468 N.E.2d 1036, applied an "entire record" review and found, as follows:

> "The record shows Martin did understand her rights. Although the trial court did not advise Martin that the state was required to establish her guilt beyond a reasonable doubt, the court had before it a form, signed by Martin, saying she was aware of her constitutional rights, including the right to a public, speedy jury trial in which the state would bear the burden of proving her guilty beyond a reasonable doubt. Martin told the judge that her attorney had explained to her all the rights stated in this form.... We accordingly hold that under the standard set in *Williams v. State, supra,* the trial court was entitled to find Martin's guilty plea had been entered knowingly, voluntarily, and intelligently."

471 N.E.2d at 1191.

Martin then filed a petition for rehearing, which the Court of Appeals granted, reversed its previous decision and that of the trial court and granted Martin the relief sought. In its opinion on rehearing, reported at 475 N.E.2d 37, the court relied upon *Johnson v. State* (1984), Ind., 471 N.E.2d 1107, a case handed down subsequent to *Williams,* which, without citing *Williams,* retrospectively applied the "strict compliance" standard of review set forth in *German v. State* (1981), Ind., 428 N.E.2d 234, and held that the petitioner was entitled to relief because the trial court had not personally advised him of his right to a speedy trial, even though he had signed a plea agreement listing all of his rights, including the right to a speedy trial. The Court of Appeals understandably commented that it was confused by the apparent conflict of *Williams* and *Johnson* but, nonetheless, followed the decision in *Johnson* because it was decided after *Williams.*

In its petition to transfer the State argues, and we agree, that the controlling ruling precedent is *Williams v. State* (1984), Ind., 468 N.E.2d 1036. Subsequent to the opinion of the Court of Appeals on rehearing, we clarified our position on this issue in *Crocker v. State* (1985), Ind., 475 N.E.2d 686, as follows:

> "In *Williams v. State,* (1984) Ind., 468 N.E.2d 1036, 1037, we announced a new rule for our review of cases in which the guilty plea was entered prior to December 3, 1981 and which involve alleged failures to give the proper advisements, as follows:
>
> > 'A plea of guilty is an admission or confession of guilt made in court before a judge. It is also a waiver of specific constitutional rights. In *German v. State,* (1981) Ind., 428 N.E.2d 234, this Court held that a written plea agreement entered into beyond the sight and hearing of the court may not be considered an adequate substitute for specifically addressing the subject on so fundamental a matter as the concept of waiver. *German,* was decided December 3, 1981. However, the guilty plea hearing in the case at bar was held on December 4, 1979. Consequently, we will use the standard of review employed in *Neeley v. State,* (1978) 269 Ind. 588, 382 N.E.2d 714, and look to the entire record to determine if petitioner was fully advised of and understood his constitutional rights. *Cf. Turman v. State,* (1979) 271 Ind. 332, 392 N.E.2d 483.'
>
> "Our holding in *Williams* was a departure from earlier cases, *see, e.g., Austin v. State,* (1984) Ind., 466 N.E.2d 445, on rehearing, 468 N.E.2d 1027; *Anderson v. State,* (1984) Ind., 465 N.E.2d 1101; *Carr v. State,* (1983) Ind., 455 N.E.2d 343; *Early v. State,* (1983) Ind., 454 N.E.2d 416, in which we applied the strict *German* standard of review to cases in which the pleas had in fact been entered prior to December 3, 1981, the date our decision therein was handed down. In *German,* while announcing the new inflexible rule, this court did not address the issue of whether it should be limited to prospective application. That issue is

a separate and distinct one which was not considered by the court and resolved until the *Williams* case. The new strict rule was designed to require the making of clear and unmistakable record statements during guilty plea proceedings and to facilitate and expedite judicial review. Given those purposes and the legal character of the prior flexible standard, we determined in *Williams* to give prospective application only to the *German* holding.

"We now reaffirm the rule announced in *Williams*."

*Id.* at 687–688.

■ In the case at bar, Martin's guilty plea was entered on June 17, 1974; hence, under *Williams* and *Crocker*, we look to the entire record to determine whether she was properly advised of her rights. The record discloses that even though the trial court did not personally advise her that by pleading guilty she waived her rights to a speedy trial and to have the State prove her guilt beyond a reasonable doubt, she had signed a form which stated that she was aware of her constitutional rights, including the right to a speedy and public trial by jury in which the State would bear the burden of proving her guilt beyond a reasonable doubt.

Our standard of review in appeals from the denial of post-conviction relief has been stated as follows:

"Petitioner has the burden of proof and stands in the shoes of one appealing from a negative judgment. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. It is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite, conclusion, that the decision will be disturbed as being contrary to law."

*Young v. State* (1984), Ind., 470 N.E.2d 70, 71–72; *see also, Neville v. State* (1982), Ind., 439 N.E.2d 1358, 1360 and cases there cited.

Although the advisements given to Martin by the court at the guilty plea hearing did not comport to the requirements of the statute, in that they did not include the advisements that Martin alleged had been omitted, her "Motion to Withdraw Former Plea of Not Guilty and to Enter a Plea of Guilty" recited her rights, including those omitted from the court's advisements, was signed by her in open court and in the presence of her attorney, at the guilty plea hearing. Further, she acknowledged to the court, at that hearing, that her attorney had explained the contents of the motion to her. The court explained that the document "covers what rights you're giving up" and she verbally acknowledged that she understood.

■ Applying the above quoted standard of review and recognizing that the trial court properly considered the petition upon the entire record in accordance with the pre-*German* rule, we find no error in the conclusion of the post-conviction court that Martin failed to meet her burden of proof that her guilty plea had not been entered knowingly, intelligently and voluntarily.

■ In view of this determination, the "laches" issue is moot.

Other issues warranting our response have been presented by Martin's Petition for Rehearing and Petition to Transfer.

■ Concerning the judicial policy of giving prospective application only to the *German* "Strict Compliance" Standard, the following excerpt from *Enlow v. State* (1973), 261 Ind. 348, 350–51, 303 N.E.2d 658, 659–60, is appropriate.

"The issue of retrospective application of newly announced constitutional rules affecting criminal trials has been determined to rest on three considerations:

'The criteria guiding resolution of the question implicate (a) the purpose to be served by the new standards; (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards.' *Stovall v. Denno*

(1966), 388 U.S. 293, 297, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

"It is clear that the most important and compelling of these three factors is the purpose to be served by the newly announced rule. *Desist v. U.S.* (1968), 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248; *Witherspoon v. Illinois* (1968), 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776. If that purpose is to correct serious flaws in the fact finding process at trial then the rule is applied retrospectively. *Roberts v. Russell* (1968), 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100.

'We have given complete retroactive effect to the new rule, regardless of good faith reliance by law enforcement authorities or the degree of impact on the administration of justice where the major purpose of new constitutional doctrine is to overcome an aspect of the criminal trial that substantially impairs its truth finding function and so raises serious questions about the accuracy of guilty verdicts in past trials.' *Adams v. Illinois* (1972), 405 U.S. 278, 280, 92 S.Ct. 916, 31 L.Ed.2d 202.

"When the new principle being applied goes to the fairness of the trial itself and is designed to eliminate a previously existing danger of convicting the innocent, rather than merely constructing a more effective remedy by which to enforce other constitutional rights not necessarily connected with the fact finding function, then the principle is deemed to be retrospective. *Linkletter v. Walker* (1965), 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601; *Jackson v. Denno* (1964), 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; *Gideon v. Wainwright* (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; *Griffin v. Illinois* (1956), 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891; *Monserrate v. State* (1971), 256 Ind. 623, 271 N.E.2d [420] 421."

■ It should first be observed that although the required advisements are of constitutional dimension, the precise manner by which advisements are given is not. Applying the considerations enumerated in *Enlow*, there is no sound reason for retroactive application of *German*. The purpose of the *German* Standard is two-fold: to assure that persons offering a guilty plea receive proper advisements and to facilitate review in those cases where the adequacy of such advisements is subsequently challenged. *See, Kindred v. State* (1977), 173 Ind.App. 624, 365 N.E.2d 776. It has nothing whatever to do with the fact finding processes of trials.

The extent to which our trial courts were lax in their application of Ind.Code § 35–4.-1–1–3 between its effective date and our decision in *German* cannot be determined or estimated with any degree of reliability. The rule, however, has not cut off any rights. Rather, it has resulted in windfall to a substantial number which we have determined is the price of implementing strict compliance in the future. The only burden of denial of retroactivity of *German*, therefore, falls upon this Court and our Court of Appeals.

The third consideration of the criteria clearly favors prospective application only. Retroactive application could only result in the vacating of many judgments resting upon guilty pleas actually given knowingly and voluntarily or if not so given, nevertheless, given under circumstances rendering deficiency in the advisements harmless error. The burden upon the administration of justice in such cases is overwhelming.

We see no merit to Martin's argument that "The Legislature's Reliance on Public Policy Considerations Demands Retroactive Application of 'Strict Compliance;'" that "Trial Judges Should Have Relied on the Mandatory Language of I.C. 35–4.1–1–3;" and "The Separation of Powers Doctrine Mandates Retroactive Application of *German's* 'Strict Compliance' Standard of Review." No avenue of proper inquiry has been closed, and no rights have been violated that may not be restored by employment of the pre-*German* "Entire Record" standard of review.

■ Martin has correctly observed that a number of post-*German* opinions utilized the "strict compliance" test in reviewing

pre-*German* guilty plea records. Precedence, however, can be no justification for the continuance of an erroneous practice. "Where judicial errors are apparent, they should be judicially corrected[.]" *Jenkins v. Review Board, etc.* (1965), 138 Ind.App. 12, 23, 211 N.E.2d 42, 48.

The petition to transfer is granted. The decisions and opinions of the Court of Appeals are ordered vacated; and the judgment of the court denying post-conviction relief is affirmed.

GIVAN, C.J., and DeBRULER and PIVARNIK, JJ., concur.

HUNTER, J., not participating.