James P. DUNFEE, Petitioner-Appellant,

v.

STATE of Indiana, Respondent-Appellee.

No. 3–485A90.

Court of Appeals of Indiana, Third District.

Sept. 10, 1985.

Susan K. Carpenter, Public Defender, Hector L. Flores, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

GARRARD, Judge.

On August 17, 1982, pursuant to a plea agreement, Dunfee pleaded guilty to dealing in cocaine, a Class B felony. The trial court denied Dunfee's subsequent petition for post conviction relief and Dunfee appeals. He asserts his plea was not voluntarily, knowingly and intelligently entered because: (1) the trial court failed to advise him that it was not a party to, or bound by, his plea bargain, and (2) failed to advise him of the possibility of imposing consecutive sentences.

Dunfee relies upon IC 35–4.1–1–3 [Repealed] as it existed in 1982 and the line of cases stemming from *German v. State* (1981), Ind., 428 N.E.2d 234. We find his arguments to be totally specious.

We agree with Dunfee that IC 35–4.1–1–3 applied when his plea was entered, and that it required a trial judge to inform a defendant that the court was not a party to, nor bound by, any agreement which may have been made between the prosecutor and the defense. This provision was enacted to insure that under our prior practice, which did not formally recognize plea bargains, an accused was not coerced into accepting a plea agreement due to the judge's participation. *See, e.g., Anderson v. State* (1975), 263 Ind. 583, 335 N.E.2d 225. Of nearly equal significance was the necessity that the defendant not be misled into believing the judge was automatically bound by an agreement he entered into with someone from the prosecutor's office.

In the Acts of 1981 the legislature formally recognized the legitimacy of plea agreements, IC 35–35–3–1 et seq., and amended the advisement statute to require the court to advise a defendant that if there is a plea bargain of which the court is informed and the court accepts the plea, then the court *is* bound by the bargain. IC 35–35–1–2. These provisions went into effect two weeks after Dunfee entered his plea.

Thus, the court should have advised Dunfee it was not bound by his plea agreement. Instead the court advised Dunfee that it *was* bound by the agreement, and then proceeded to comply with all the provisions thereof.

This was error, but it was error that was harmless beyond a reasonable doubt because there was absolutely no prejudice or injury to Dunfee occasioned thereby. *See Martin v. State* (1983), Ind., 453 N.E.2d 1001.

Dunfee next correctly charges that the court did not advise him of the possibility of consecutive sentences.[1] It did not need to. Dunfee was subject to a one count information and there was no indication of any other pending charges, parole, etc. *See* IC 35–50–1–2. Thus, there was

---

1. Indeed the court carefully and thoroughly advised Dunfee of his constitutional rights, the potential impact of Dunfee's prior convictions, etc.

no error since the possibility of consecutive sentences had no application to Dunfee's case. *See Hennings v. State* (1984), Ind. App., 465 N.E.2d 1142; *Pearson v. State* (1981), Ind.App., 428 N.E.2d 808.

Affirmed.

STATON, P.J., and HOFFMAN, J., concur.