**Andrew Nelson STOTT, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 484S137.

Supreme Court of Indiana.

Dec. 30, 1985.

David L. Byers, Indianapolis, for appellant (defendant below).

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee (plaintiff below).

PRENTICE, Justice.

Following a plea of guilty, Petitioner (Appellant) was convicted of attempted robbery, a class B felony, Ind.Code §§ 35–42–5–1, 35–41–5–1 (Burns 1979 Repl.). Pursuant to a plea bargain, he was sentenced to a term of twelve (12) years imprisonment. He subsequently petitioned for post-conviction relief under Ind.Rules of Procedure, Post Conviction Rule 1. The petition was denied and Petitioner now appeals and presents the following issues:

1. Whether Petitioner was advised of the rights waived by the guilty plea, and whether the guilty plea trial court properly determined that the plea was entered without coercion or other improper inducements.

2. Whether the guilty plea trial court was provided with an adequate factual basis to sustain the plea.

3. Whether the guilty plea trial court erred by allowing the State to amend the information to conform with the guilty plea. We affirm the denial of post-conviction relief.

The victim was walking in a drug store parking lot. As an automobile driven by Petitioner drove by her, one of the passengers reached out and grabbed her purse. The victim did not let loose, and was dragged across the parking lot. She suffered broken ribs and other injuries.

Petitioner was initially charged with attempted robbery, a class A felony, but accepted the plea bargain for attempted robbery, a class B felony. Other facts are stated below.

ISSUE I

Petitioner presents several contentions in arguing that the post-conviction trial court erred in finding that he had been advised of the rights waived by the guilty plea, and that the guilty plea trial court had properly determined that the plea was entered voluntarily. However, the record supports the post-conviction trial court's conclusions.

We initially note our standard of review in appeals from the denial of post-conviction relief:

"Petitioner has the burden of proof and stands in the shoes of one appealing from a negative judgment. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. It is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be disturbed as being contrary to law."

*Young v. State* (1984), Ind., 470 N.E.2d 70, 71–72; *see also Neville v. State* (1982), Ind., 439 N.E.2d 1358, 1360 and cases there cited.

Petitioner contends that the post-conviction trial court erred in finding that the

guilty plea trial court had adequately advised him that it was not a party to the plea agreement and of his right to a public trial, and had sufficiently ascertained that no threats or other improper inducements had been used to coerce the plea, all as required by Ind.Code §§ 35-4.1-4-3, 35-4.1-4-4 (Burns 1979 Repl.) [Repealed 1982; for provisions effective Sept. 1, 1982, see Ind.Code §§ 35-35-1-2, 35-35-1-3 (Burns 1985 Repl.) ]. We disagree.

The guilty plea was entered in October, 1981. In a series of recent cases this Court has held that the "entire record" surrounding the guilty plea should be considered in evaluating such contentions if the plea were entered before our decision in *German v. State* (1981), Ind., 428 N.E.2d 234, which was handed down in December, 1981. *See, e.g., Doren Martin v. State* (1985), Ind., 480 N.E.2d 548; *Deetra (Shelby) Martin v. State* (1985), Ind., 480 N.E.2d 543; *Crocker v. State* (1985), Ind., 475 N.E.2d 686; *Williams v. State* (1984), Ind., 468 N.E.2d 1036. Accordingly, we have reviewed the "entire record" surrounding the guilty plea in this case.

■ Two clauses of the plea agreement, which was signed by Petitioner, stated in pertinent part:

"Defendant enters this agreement, knowing that the Court is under no obligation to abide by the plea agreement submitted, and understanding that the Court may take his/her criminal record into consideration[.] . . .
The Defendant understands that the state and federal constitutions guarantee him/her certain rights, among them being the right to a public trial by jury[.]"

These advisements adequately informed the Petitioner that the guilty plea trial court was not a party to the agreement and that Petitioner was waiving the right to a public trial.

■ Regarding the guilty plea court's ascertaining whether Petitioner had been coerced into making the plea, the State properly cites the following colloquy from the guilty plea hearing:

"Q. And are you making this plea of guilty voluntarily and of your own free will?
A. Yes sir.
Q. And do you have any question at all about what a guilty plea is or the effect of it?
A. No sir."

As there is no evidence in this record that the guilty plea was coerced by threats or force, in light of this colloquy we agree with the post-conviction trial court's conclusion that the guilty plea trial court properly determined that the plea was entered voluntarily.

## ISSUE II

■ Petitioner contends that the guilty plea court did not have an adequate factual basis upon which to accept the plea in that the Petitioner's version of the crime varied slightly from the version presented by the State during the guilty plea hearing. Suffice it to say that we have examined the record and determined that the variances complained of concerned at most minor details, and did not go to the essential elements of the crime charged. The guilty plea trial court was presented with an adequate factual basis for the plea. *See generally, Woodford v. State* (1985), Ind., 484 N.E.2d 563, 565.

## ISSUE III

■ Petitioner next argues that the guilty plea trial court, in allowing the State to amend the information to conform with the plea agreement, committed error requiring vacation of the guilty plea. We reject this contention.

The guilty plea trial court, with no objection from Petitioner, allowed the State to amend the information from class A to class B felony attempted robbery when the plea was entered. It is true that Ind.Code § 35-3.1-1-5(e) (Burns 1979 Repl.) [Repealed effective Sept. 1, 1982; for current provisions see Ind.Code § 35-34-1-5 (Burns 1985 Repl.) ] generally prohibited amendment of an information, in matters of substance, after the arraignment. How-

998

ever, no objection to the amendment was made in this case; hence it is regarded as having been waived. Further, Petitioner's brief makes no showing of prejudice to his position stemming from the amendment. Petitioner has cited us to no authority, and we are aware of none, where this Court has held that amendment of a charge to conform with a plea bargain constitutes a violation of Ind.Code § 35–3.1–1–5 requiring vacation of the guilty plea. Under these circumstances, we find no error preserved for review.

The denial of post-conviction relief is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.