Anthony SAPERITO, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 3–785–A–165.

Court of Appeals of Indiana,
Third District.

April 3, 1986.

Susan K. Carpenter, Public Defender, Bev Cummings, Deputy Public Defender, for appellant.

Linley E. Pearson, Atty. Gen., for appellee.

STATON, Presiding Judge.

Anthony Saperito pled guilty to the crime of Battery with a Deadly Weapon, a Class C Felony. His petition for post-conviction relief was denied, and this appeal follows. We are presented with a single issue to review—whether the trial court erred in finding that Saperito's guilty plea was entered knowingly, intelligently, and voluntarily since he was not advised that he was waiving his right to a speedy trial.

Reversed and remanded.

I.

*Guilty Plea*

 Saperito entered his guilty plea on October 23, 1980. At that time, our state guilty plea statute required that the trial judge personally advise the defendant of the rights he or she is waiving by plead-

ing guilty.[1] The right to a speedy trial is one of those specific rights of which a defendant must be informed before a trial court can accept a guilty plea. *Mathis v. State* (1980), 273 Ind. 609, 406 N.E.2d 1182. It was the duty of the trial judge to strictly comply with IC 35–4.1–1–3, and a record was necessary to provide a sufficient basis to conclude that the defendant was meaningfully advised of all rights. *Johnson v. State* (1983), Ind., 453 N.E.2d 975, *reh. den.* (Pivarnik, J. and Givan, C.J. dissenting).

■ A review of the instant record reveals that the trial judge took great pains to admonish Saperito before accepting his guilty plea. All of the statutory requirements were thoroughly covered, except that when Saperito's Sixth Amendment right to a jury trial was explained, there was no mention of the right to a speedy trial.[2] The State argues that failure to use the word "speedy" was purely a technical omission, and that this error is merely a harmless one.

Case law has established that the exact words of IC 35–4.1–1–3 need not be used if the court conveys to the accused the idea underlying the statutory advisement. *Cole v. State* (1985), Ind., 485 N.E.2d 128. In the instant case, however, the right to a speedy trial was completely omitted from the lengthy explanation regarding Saperito's right to a public trial. Under a similar circumstance, a plurality of our supreme court has written:

> Although the right to a public trial was adequately conveyed to Hayenga through the trial court's discussion of the make-up of the jury and his rights to confront his accusers, *see, Lowe v. State,* (1983) Ind., 455 N.E.2d 1126; *Garringer v. State,* (1983) Ind., 455 N.E.2d 335, there was *no* mention of his right to a speedy trial. We will not presume that a defendant was aware of any of the information required to be disclosed by the trial court by Ind.Code Section 35–4.1–1–3 from a silent record. *Turman v. State* (1979) 271 Ind. 332, 392 N.E.2d 483.

*Hayenga v. State* (1984), Ind., 463 N.E.2d 1383, 1384 (Givan, C.J. and Pivarnik, J. dissenting.) (Emphasis in original).

Other cases have held that a defendant is adequately advised of his right to a speedy trial when a trial date is pending at the time the guilty plea is entered. *Blankenship v. State* (1984), Ind., 465 N.E.2d 714; *Baker v. State* (1984), Ind., 462 N.E.2d 1032; *Gresham v. State* (1984), Ind.App., 459 N.E.2d 66. The present case, however, is unlike the others just cited. Here, no trial date had been set when Saperito's guilty plea was accepted. It is because no trial date was pending and the accused's

---

1. The relevant statute in effect at the time Saperito was arraigned provided that the trial court shall not accept a guilty plea without first addressing the defendant and:
 (a) determining that he understands the nature of the charge against him;
 (b) informing him that by his plea of guilty he is admitting the truth of all facts alleged in the indictment or information or to an offense included thereunder and that upon entry of such plea the court shall proceed with judgment and sentence;
 (c) informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury, to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;
 (d) informing him of the maximum possible sentence and minimum sentence for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences; (e) informing him that the court is not a party to any agreement which may have been made between the prosecutor and the defense and is not bound thereby.
 West's AIC, 35–4.1–1–3 [Repl.] (now codified at West's AIC, 35–35–1–2 (Supp.1985)).

2. *German v. State* (1981), Ind., 428 N.E.2d 234, *reh. den.* (Givan, C.J. and Pivarnik, J. dissenting) requires strict compliance with our guilty plea statute. In *Williams v. State* (1984), Ind., 468 N.E.2d 1036, however, it was decided that when reviewing pre-*German* guilty pleas, an appellate court will look to the entire record to determine whether the accused was aware of the rights being waived by tendering a guilty plea. *Martin v. State* (1984), Ind.App., 471 N.E.2d 1190, on rehearing 475 N.E.2d 37, on transfer 480 N.E.2d 543.

right to a speedy trial was omitted from the trial court's admonishment, that we cannot conclude that Saperito knowingly waived his right to a speedy trial.

The State also contends that this error is harmless and refers us to our opinion rendered in *Dunfee v. State* (1985), Ind.App., 482 N.E.2d 499, *reh. den.* In *Dunfee*, the trial court mistakenly advised the defendant that it was a party to, or bound by, his plea agreement.[3] We held this to be harmless error because there was no prejudice. *Id.* at 500. The present case is unlike *Dunfee* because here a constitutional right is involved.[4] *See, Austin v. State* (1984), 468 N.E.2d 1027 (Givan, C.J. and Pivarnik, J. dissenting) (failure to inform the defendant of any of the constitutional rights contained in our guilty plea statute results in an invalid waiver).

Thus, unlike *Dunfee*, the error in the instant case is not harmless. For that reason, the judgment of the trial court is reversed, and this cause must be remanded with instructions to vacate the guilty plea.

Reversed and remanded.

GARRARD, J., concurs.

HOFFMAN, J., dissents with opinion.

HOFFMAN, Judge, dissenting.

I respectfully dissent since I am in full agreement with the dissents of Chief Justice Givan and Justice Pivarnik in *German v. State* (1981), Ind., 428 N.E.2d 234 and their subsequent dissents in a long line of criminal appeals which set aside guilty pleas on technicalities.

---

**3.** At the time the guilty plea in *Dunfee* was accepted, IC 35-4.1-1-3(e) was still in effect.

**4.** The right to a speedy trial in state prosecutions is guaranteed by the Fourteenth Amendment due process clause of the United States Constitution. *Klopfer v. North Carolina* (1967), 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1. This right is also provided by our state constitution. *Constitution of Indiana*, Article 1, Section 12.