**Vernon C. TURMAN, Appellant
(Defendant below),**

v.

**STATE of Indiana, Appellee
(Plaintiff below).**

No. 179S11.

Supreme Court of Indiana.

Aug. 1, 1979.

Harriette Bailey Conn, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Gordon E. White, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner is before this Court appealing from the denial of his petition for relief under Post-Conviction Relief, Rule 1. The petitioner had previously entered a guilty plea to rape, Ind.Code § 35–13–4–3 (Burns 1975), and was sentenced to a determinate term of fifteen years. He now appeals raising the following issue:

Whether the trial court erred in determining that the guilty plea record was sufficient to support a finding that the guilty plea was knowingly, intelligently and voluntarily entered.

The facts from the record indicate that the petitioner, who was represented by counsel, entered into a plea agreement with the state. Said agreement was filed with the trial court on March 18, 1976. The plea agreement, signed by defendant, detailed certain rights which defendant waived by virtue of his guilty plea. At the time the plea agreement was filed, the trial judge conducted an examination of petitioner regarding certain of petitioner's rights and determining petitioner's understanding of the charge against him.

Petitioner contends that his guilty plea was not voluntarily entered. In considering the voluntariness of a guilty plea we start with the standard that the record of the guilty plea proceeding must demonstrate that the defendant was advised of his constitutional rights and knowingly and voluntarily waived them. *Boykin v. Alabama*, (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. Our Court has consistently held that the record must provide a suffi-

cient basis for the conclusion that the defendant was meaningfully informed of the specific rights enumerated in *Boykin*. *Laird v. State*, (1979) Ind., 385 N.E.2d 452; *Williams v. State*, (1975) 263 Ind. 165, 325 N.E.2d 827. We now hold that the record must also provide a sufficient basis for the conclusion that the defendant was meaningfully informed of the rights and law detailed in West's Ann.Ind.Code § 35–4.1–1–3 (1978).

That statute provides:

"Defendant to be advised by court. The court shall not accept a plea of guilty from the defendant without first addressing the defendant and

"(a) determining that he understands the nature of the charge against him;

"(b) informing him that by his plea of guilty he is admitting the truth of all facts alleged in the indictment or information or to an offense included thereunder and that upon entry of such plea the court shall proceed with judgment and sentence;

"(c) informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury, to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

"(d) informing him of the maximum possible sentence and minimum sentence for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences;

"(e) informing him that the court is not a party to any agreement which may have been made between the prosecutor and the defense and is not bound thereby."

The rule of *Boykin, supra*, and West's Ann.Ind.Code § 35–4.1–1–3 (1978) have undergone considerable interpretation by this Court of late. In *Williams v. State, supra*,

the record made at the post-conviction hearing established that the petitioner made a knowing and intelligent waiver of his rights. The Court held that a "defendant's guilty plea is not tainted merely because the trial court fails to repeat defendant's rights for him . . . ." 263 Ind. at 176, 325 N.E.2d at 833. The Court then emphasized that the record must provide a basis for concluding that the defendant was meaningfully informed of his *Boykin* rights. The *Williams* case involved a guilty plea entered prior to the effective date of the statute. In a footnote, the Court noted that a different result might be called for under the statute.

In *Neeley v. State*, (1978) Ind., 382 N.E.2d 714, this Court held that, while a strict following of West's Ann.Ind.Code § 35–4.1–1–3 (1978) would be the preferred practice, this Court will look to the entire record to determine if a defendant was fully advised of and understood his constitutional rights. In applying the rule of *Neeley*, this Court has held that when the record shows that a plea agreement was entered into which adequately informed the defendant of his constitutional rights, reversal is not required merely because the trial judge inadvertently failed to orally inquire whether appellant understood his right to compulsory process. *Clark v. State*, (1978) Ind., 383 N.E.2d 321.

With the *Williams, Neeley* and *Clark* cases in mind we now review the entire record in the case at bar as it relates to petitioner's guilty plea. The United States Supreme Court in *Boykin v. Alabama, supra*, held that a defendant must be advised of his privilege against self-incrimination, his right to trial by jury and his right to confront his accusers. All of these rights are specifically enumerated in the Indiana statute. West's Ann.Ind.Code § 35–4.1–1–3(c) (1978) provides that the court shall inform the defendant

"that by his plea of guilty he waives his rights to a public and speedy trial by jury, to face the witnesses against him . . . and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not

be compelled to testify against himself . . . ."

At the time the trial court accepted petitioner's guilty plea and sentenced petitioner, the court inquired into petitioner's understanding of his rights. The court addressed the petitioner as follows:

Q. "All right. Now, before I can accept your plea I want to ask you if you understand certain points and I believe, Mr. Katz, you have gone over these points previously with the Defendant?"

BY MR. KATZ: "Yes, sir."

BY THE COURT:

Q. "The fact that you waive your right to a speedy and public trial and impartial jury, do you understand that?"

A. "Yes."

Furthermore, the plea agreement, signed by petitioner included the following advisements of rights he would have if he pleaded not guilty:

"6. (a) The right to a speedy and public trial by an impartial jury in the county in which each offense is alleged to have been committed . . . .;

and

"7. That the defendant further understands that if he enters a plea of guilty he thereby waives his right to a trial by jury."

The judge advised petitioner "that you waive your right to confront all the witnesses against you at the trial" and the plea agreement provided that if petitioner pleaded not guilty he would have "the right to confront all witnesses against him at time of trial."

With regard to petitioner's privilege against self-incrimination, the record is somewhat muddled. The plea agreement informed the petitioner that he had the "right *not to testify* without prejudice . . . ." [Emphasis added.] The judge told petitioner, "you waive the right *to testify* without prejudice." [Emphasis added.] Therefore, the record displays that the judge incorrectly stated the law with regard to petitioner's privilege against self-incrimination.

The Indiana statute provides that the trial court shall determine that the defendant understands the nature of the charge against him. West's Ann.Ind.Code § 35–4.–1–1–3(a) (1978). The trial judge asked defendant:

Q. "Have you gone over the plea agreement with your counsel and do you understand the charges that have been filed against you and the consequences of your pleading guilty to the felony, count two, rape?"

A. "Yes."

The plea agreement contained a more elaborate basis for determining petitioner's understanding. The agreement provided that petitioner and the prosecutor agreed and stipulated to the following:

"1. That the defendant is charged in the within cause by information with having on the 1st day of November, 1975, committed the following crime(s): Count I, KIDNAPPING, *I.C.1971*, 35–1–55–1; *Ind. Stat.Ann.*, § 10–2901 (Burns' Code Ed.); Count II, RAPE, *I.C.1971*, 35–13–4–3; *Ind.Stat.Ann.*, § 10–4201 (Burns' Code Ed.) and Count III, Robbery, *I.C.1971*, 35–13–4–6; *Ind.Stat.Ann.*, § 10–4101 (Burns' Code Ed.).

"2. That the defendant has received a copy of the information and has read and discussed same with his attorney, KATZ & BRENMAN, and affirms that he understands each accusation against him as stated in the charging instrument.

"3. That the defendant has discussed with his attorney the facts and surrounding circumstances as known to him concerning the matters averred in the charging instrument and believes and feels that his attorney is fully apprised as to all such matters.

"4. That the defendant has been informed by his attorney, as to the nature and cause of every accusation against the defendant and that the attorney for the defendant has counseled and advised the defendant with regard to such matters and as to any possible defenses which the defendant might have in this cause."

The Indiana statute provides that the trial court shall inform the defendant

"that by his plea of guilty he is admitting the truth of all facts alleged in the indictment or information or to an offense included thereunder and that upon entry of such plea the court shall proceed with judgment and sentence. . . ." West's Ann.Ind.Code § 35–4.1–1–3(b) (1978).

Here the record does not disclose any statement of this nature made either by the judge or contained in the plea agreement. The judge did have petitioner describe the crime in open court. However, the judge never informed petitioner of the significance of that in-court description as it related to the allegations against him.

The statute also provides that the judge shall inform the defendant that he waives his right "to have compulsory process for obtaining witnesses in his favor . . . ." West's Ann.Ind.Code § 35–4.1–1–3(c) (1978). The judge in the case at bar told defendant,

"you . . . waive your right to use the power and process of the Court to compel the production of any evidence including attendance of any witnesses in your favor at the trial . . . ."

And the plea agreement detailed this right as follows:

"6. (e) The right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses, in his favor at trial . . . ."

The statute provides that the judge shall inform the defendant that the court is not bound by a plea agreement. West's Ann. Ind.Code § 35–4.1–1–3(e) (1978). The judge did not inform defendant of this fact, probably because he intended to follow the terms of the agreement. Again, searching the entire record as dictated by *Neeley v. State, supra,* we find that petitioner was made aware of this fact by the following paragraph of the plea agreement.

"9. That the defendant understands that if the Court is unable to accept and approve of the above-stated agreement, that the defendant will be permitted to withdraw his plea of guilty and that the Court will reinstate a plea of Not Guilty and that this matter will be set for trial at the earliest convenience of the Court."

The record is wholly silent as to any advisement of the maximum and minimum possible sentences for the crime charged as required by West's Ann.Ind.Code § 35–4.1–1–3(d) (1978). The record is also silent as to the requirement that the court inform the defendant of the state's burden of proof at trial. West's Ann.Ind.Code § 35–4.1–1–3(c) (1978).

■ In post-conviction proceedings, the burden of proof rests with the petitioner to establish his grounds for relief by a preponderance of the evidence. Ind.R.P.C. 1 § 5; *Laird v. State, supra*; *Davis v. State,* (1975) 263 Ind. 327, 330 N.E.2d 738. The judge hearing the petition is the sole judge of the weight of the evidence and the credibility of the witnesses. *Carroll v. State,* (1976) 265 Ind. 423, 355 N.E.2d 408. His decision will be reversed only where the evidence is without conflict and leads unerringly to a result not reached by the trial court. *Laird, supra*; *Cottingham v. State,* (1978) Ind., 379 N.E.2d 984.

Applying the above standard to the facts at bar, we find that the record leads us unerringly to at least three conclusions not reached by the trial court. First, petitioner was not informed of the state's burden of proof at trial as required by West's Ann. Ind.Code § 35–4.1–1–3(c) (1978). Second, petitioner was not informed of the relevant sentences as required by West's Ann.Ind. Code § 35–4.1–1–3(d) (1978). Like the United States Supreme Court in *Boykin v. Alabama, supra,* we will not presume that defendant was aware of this information from a "silent record." 395 U.S. at 243, 89 S.Ct. at 1712, 23 L.Ed.2d at 280.

We find some basis in the record to support the trial court's finding that defendant was aware that by giving the details of the crime he was admitting the truth of the allegations against him and that the trial court would proceed with sentencing. West's Ann.Ind.Code § 35–4.1–1–3(b)

(1978). We are, however, concerned that a lay person might not ordinarily understand the legal significance of his confession in open court.

We would not ordinarily disturb the trial court's weighing of the evidence where two statements regarding the privilege of self-incrimination conflicted. However, the weight of the judge's erroneous statement in open court would certainly outweigh the impact of a contrary but correct statement of the law contained in the plea agreement entered into at an earlier date. Again we are led unerringly to a result not reached by the trial court, that petitioner was not properly advised of his privilege against self-incrimination as provided by the Fifth Amendment to the United States Constitution.

We reiterate here our encouragement, stated in *Neeley v. State, supra,* that trial courts follow precisely the requirements of West's Ann.Ind.Code § 35–4.1–1–3 (1978) when accepting guilty pleas as "a fool-proof procedure of insuring against claims such as are raised in the present case." 382 N.E.2d at 718. The primary reason for petitioner prevailing in this case is that the trial judge failed to pick up the statute and examine petitioner-defendant as the legislature intended.

■ Because of the mandatory nature of West's Ann.Ind.Code § 35–4.1–1–3 (1978), which provides that a trial court "shall not accept a plea of guilty from the defendant without first addressing the defendant . . ." and informing him of certain rights and law, we find that the trial court erred in determining that the record was sufficient to support a finding that the guilty plea was knowingly, intelligently and voluntarily entered.

The judgment of the trial court is reversed and this cause is remanded to the trial court with instructions to vacate the guilty plea, reinstate petitioner's plea of not guilty and set the matter for trial.

DeBRULER and PRENTICE, JJ., concur.

GIVAN, C. J., dissents with opinion in which PIVARNIK, J., concurs.

PIVARNIK, J., dissents with opinion in which GIVAN, C. J., concurs.

PIVARNIK, Justice, dissenting.

I dissent from the majority opinion wherein it finds that the trial court erred in determining that the guilty plea record was sufficient to support a finding that a guilty plea was knowingly, intelligently and voluntarily entered.

The majority makes several references in regard to what the plea bargain agreement "informed" the defendant as to his rights. I think we should place in proper perspective what a plea agreement is. A plea bargain agreement filed with the court is not for the purpose of informing the defendant of some rights he has. The purpose of it is to inform the court as to an agreement the parties have reached and to ask the court to accept their agreement. This plea bargain agreement was entered into by the defendant personally, by his counsel, and by the State of Indiana through the prosecuting attorney, and filed with the court as a pleading is filed, asking the court to accept this plea the defendant is offering to make and to give him the sentence to which he is agreeing.

This plea bargain was three pages long and set out in detail that the defendant understood what he was doing in many respects. Among other things, it stated that he did not have to enter this plea bargain agreement and, furthermore, if the court did not accept it, his guilty plea would automatically be set aside and he would be back where he was and in a position to go to trial on the issues. It also contained the provision that charges of kidnapping and robbery would be dismissed by the State. It further provided that another unrelated charge of rape and robbery would be dismissed by the State. It should be noted that this bargain was kept and a *nolle prosequi* order was entered as to these charges by the court at the close of the sentencing. At the post-conviction hearing, the defendant stated that he was aware that he faced

a life sentence for kidnapping and therefore was willing to plea bargain for fifteen years as a total sentence for all the charges against him. The defendant assured the court during the sentencing that he was fully advised of all the charges against him, that he knew and understood his position and that there were no threats or promises made to induce him to enter a guilty plea. It was well known to all parties that the two girls who had been raped and robbed had positively identified both him and his co-defendant and, furthermore, that the co-defendant had already pleaded guilty, taken a fifteen-year sentence, and stood ready to testify against him at his trial.

It was the petitioner's own language that was used in his plea bargain submitted to the court, in which he referred to the "right not to testify without prejudice," to which the court referred when he asked the petitioner about that right. The petitioner told the court he fully understood what right he was talking about. He told the judge in open court that he had gone over the plea agreement with his attorney, that he understood the charges filed against him and the consequences of his pleading guilty to the second count of the affidavit.

Surely we are indulging in nothing more than legal fictions and semantic gymnastics when we say in a circumstance such as this that the defendant did not plead guilty knowingly, intelligently, and voluntarily. Defendant was represented in court by a very experienced and very competent defense attorney. He told the judge in open court that he and his co-defendant had approached the two girls in their car, had gotten into the car with them and forced them to drive some distance and pull off 15th Avenue and that they there raped and robbed them. He gave this story in his own words, telling the judge that he had sex with one of the girls in the front seat and his cohort had sex with the other in the back seat. We said in *Neeley v. State*, (1978) Ind., 382 N.E.2d 714, that the better practice would be for the trial courts in accepting guilty pleas to follow the language of Ind.Code (Burns 1975) § 35–4.1–1–3 to the letter and therefore remove any

and all questions regarding the defendant's knowledge of his rights and the voluntariness of his plea. We also said in the *Neeley* case and many other cited by the majority here that we will look to the entire record to determine whether under all the circumstances the defendant did enter his plea knowingly, intelligently and voluntarily, and further that we would not require the trial court to use the exact language of the Constitution or the statutes if, in fact, the record shows that the meaning was conveyed to the defendant. *Neeley, supra;* *Jones v. State*, (1969) 253 Ind. 235, 252 N.E.2d 572, *citing Coyote v. United States*, (10th Cir.), 380 F.2d 305, 308, *cert. denied*, (1967), 389 U.S. 992, 88 S.Ct. 489, 19 L.Ed.2d 484.

This was a post-conviction relief motion before the trial court in which the petitioner-defendant carries the burden of showing by a preponderance of the evidence that his conviction was improper. At the post-conviction hearing, the defendant-petitioner testified that there was no right he had that he knew of that was not given to him or that he did not understand. His only reason for pleading guilty was that he was afraid he would get life for the kidnapping charge and therefore pleaded guilty even though he did not commit the crime. Nothing in the record sustains the defendant in this testimony to the court and there is absolutely no reasonable interpretation that could be given to the handling of this matter by the court that would place the defendant in this position.

I would affirm the judgment of the trial court.

GIVAN, C. J., concurs.

GIVAN, Chief Justice, dissenting.

I respectfully dissent from the majority opinion in this case. I do not agree that the trial judge made an erroneous statement in open court concerning the defendant's right against self-incrimination. The majority points out that the plea agreement correctly informed the petitioner that he had a "right not to testify without prejudice . . .";

whereas the trial judge informed the petitioner, "You waive the right to testify without prejudice." I do not interpret this as being an incorrect statement against the right against self-incrimination. In addition to the necessity of advising a defendant that he has a right not to testify, as was done in this case, the judge may also advise the defendant that he has the right to testify in his own behalf, which he will be waiving in the event of a plea of guilty. This is merely what the trial judge was doing in this case, a fact which I can in no way construe as being an erroneous instruction against self-incrimination.

As far as the other supposed errors raised in the majority opinion, I feel the majority is placing a strained interpretation on the precise language of the trial judge's admonitions to the defendant as compared to the precise language of the statute. When one reads the statute in its entirety and the trial judge's instructions in their entirety, it is difficult to perceive how the appellant could possibly be misled as to any phase of the case. Even if we are to assume the appellant was an uneducated person, not readily capable of translating the judge's language into the language of the statute, or vice versa, the record clearly shows that appellant was represented by competent counsel who specifically stated to the judge that he had explained all the matters which were being explained by the judge to the appellant. Certainly if competent counsel saw nothing to object to or add to at the hearing on the plea of guilty, he must have felt that the appellant was fully advised and fully understood the consequences of his plea.

Although a person charged with a crime should be afforded every protection of the constitutions of the United States and the State of Indiana and the statutes in implementation thereof, I do not feel that justice is served by placing such a strict and strained interpretation upon a trial judge's forthright and lucid instructions on a plea of guilty.

I would therefore affirm the trial court.

PIVARNIK, J., concurs.