**Rodney JONES, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 883S293.**

Supreme Court of Indiana.

June 3, 1985.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Petitioner-appellant, Rodney Jones, is before this Court appealing from the denial of his petition for post-conviction relief. The petitioner pled guilty, pursuant to a plea agreement, to two counts of confinement, class B felonies, I.C. § 35–42–3–3. He received two concurrent fifteen year sentences.

He raises one issue on appeal: (1) whether the record, as a whole, shows that he entered his plea of guilty intelligently, knowingly, and voluntarily.

These are the facts pertinent to the appeal. On March 7, 1980, petitioner was charged by way of Information with two counts of confinement, one count of class A rape, and one count of class A criminal deviate conduct. These charges arose out of incidents which occurred March 6, 1980. On April 3, 1981, he pled guilty, pursuant to a plea agreement, to the counts of confinement. The terms of the plea agreement indicated that the State would dismiss the counts of rape and criminal deviate conduct if he would plead guilty to the counts of confinement and testify against his accomplice. In addition, the State indicated in the plea agreement that it would recommend two concurrent fifteen year sentences. At the guilty plea hearing, the trial court advised him of the maximum penalties for each count of confinement. The trial court further inquired into the matter in this fashion:

Q. Has your attorney, Mr. Mullin, gone over the penalty aspect of this case with you?

A. Yes he has.

Q. You understand the penalties?

A. Yes

Q. Now on the other hand, if you had a trial you might be proven not guilty and completely exonerated and acquitted. That could be the other possibility in case you had a trial. Do you understand that?

A. Yes sir, I understand.

Petitioner claims that his guilty plea was not intelligently, knowingly and voluntarily entered because the trial court failed to comply with I.C. § 35–4.1–1–3(d), since repealed, which required the court to advise him of the minimum possible penalty prior to acceptance of his plea. A like provision was retained in the present plea statute, I.C. § 35–35–1–2.

(1) A plea of guilty is an admission or confession of guilt made in court before a judge. It is also a waiver of specific constitutional rights. In *German v. State* (1981), Ind., 428 N.E.2d 234, this Court held that a written plea agreement entered into beyond the sight and hearing of the court may not be considered an

adequate substitute for specifically addressing the subject of so fundamental a matter as the concept of waiver. *German,* was decided December 3, 1981. However, the guilty plea hearing in the case at bar was held on April 21, 1981. Consequently, we will use the standard of review employed in *Neely v. State* (1978), 269 Ind. 588, 382 N.E.2d 714, and look to the entire record to determine if petitioner was fully advised of and understood his constitutional rights. *Cf. Turman v. State* (1979) 271 Ind. 332, 392 N.E.2d 483.

■ The entire record, material to resolving the issue of whether the trial court complied with the requirement of the statute to advise the accused of the range of penalties, is as stated and quoted in part above. It is apparent that it does no more than permit the inference that at some point in time prior to the plea proceeding, appellant and his counsel discussed "the penalty aspect" of the case, and that appellant understood these "penalties". One could not with assurance conclude that the minimum applicable terms were identified, and stated, and understood by appellant on those prior occasions. There is therefore here no clearly equivalent surrogate satisfying the statutory requirement when viewed against the more flexible pre-*German* standard. Furthermore, this court held to the opinion more than ten years ago in *Williams v. State* (1975), 263 Ind. 165, 325 N.E.2d 827, that a solid case for post-conviction relief would exist where the court itself did not give the accused a requisite advisement, but relied upon counsel's effort to that same end.

The judgment of the trial court denying this petition for post-conviction relief is reversed with instructions to permit the plea to be withdrawn.

GIVAN, C.J., and PRENTICE, J., concur.

PIVARNIK, J., dissents.

HUNTER, J., not participating.