Norman Elija FORD, Appellant,

v.

STATE of Indiana, Appellee.

No. 983S330.

Supreme Court of Indiana.

July 3, 1985.

Calvin K. Hubbel, Valparaiso, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

The petitioner-appellant, Norman E. Ford, is before this Court appealing from the denial of his petition for post-conviction relief. He pled guilty pursuant to a plea agreement to rape, a class B felony, I.C. § 35–42–4–1, and to attempted rape, a class B felony, I.C. §§ 35–41–5–1 and 35–42–4–1. These offenses included separate incidents and victims. He received two concurrent eighteen year sentences.

Appellant raised three issues on appeal: (1) whether his guilty pleas were voluntarily, intelligently and knowingly entered; (2) whether trial court failed to determine if his pleas were the result of promises, force or threats; (3) whether he was denied effective assistance of counsel.

These are the facts pertinent to the appeal. On November 21, 1978, appellant entered a plea of guilty to Count II (CR–78–153A), rape and Count II (CR–78–154A), attempted rape, in Marion County Superior Court Division One. In return for the guilty pleas, the State agreed to dismiss Count I (R–78–153A), burglary, Count III (R–78–153A), robbery, and Count I (CR–78–154A), burglary. Count II (CR–78–153A) and Count II (CR–78–154A) were amended by interlineation to reduce the offenses from class A felonies to class B felonies. The State recommended that he receive two concurrent eighteen year sentences.

The trial court advised appellant of many of the rights he would forego in pleading guilty. However, the trial court did not inform him of any possible increased sentence by reason of the fact of a prior conviction or convictions and of any possibility of the imposition of consecutive sentences. I.C. § 35–4.1–1–3(d). The trial court also did not personally inform him that it was not a party to any agreement which may have been made between the prosecutor and him and was not bound thereby. I.C. § 35–4.1–1–3(e). The factual basis for the guilty pleas included an admission of the events of the offenses by the appellant and evidence submitted by the State that his finger prints were found at the scenes of the offenses. The trial court took the guilty pleas under advisement and ordered a pre-sentence investigation. On December 7, 1978, the trial court accepted the guilty pleas and entered judgment and sentence pursuant to the plea agreement.

On September 13, 1982, appellant filed a Verified Petition for Post-Conviction Relief. On October 8, 1982, a hearing was held on the petition. On October 14, 1982, the petition was denied. Appellant filed a Motion to Correct Errors which was subsequently denied on June 21, 1983.

The burden in the post-conviction hearing was on petitioner Ford to establish the grounds for relief by a preponderance of the evidence. Ind. R.P.C. 1, § 5. On appeal from an adverse judgment, he must convince this Court that the evidence as a whole leads unerringly and unmistakably to a decision in his favor. *Sotelo v. State* (1980), 273 Ind. 694, 408 N.E.2d 1215.

I

Appellant claims the trial court failed to advise him; (1) that he possessed and was waiving his right to a public trial; (2) that the Court was not a party to the plea agreement and was not bound thereby; and (3) of any possible increased sentence or the possible imposition of consecutive sentences by reason of prior convictions.

A plea of guilty is an admission or confession of guilt made in court before a judge. It is also a waiver of specific constitutional rights. In *German v. State* (1981), Ind., 428 N.E.2d 234, this Court held that a written plea agreement entered into beyond the sight and hearing of the court cannot be considered an adequate substitute for a specific court advisement on so

fundamental a matter as the concept of waiver. *German* was decided December 3, 1981. However, the guilty plea hearing in the case at bar was held on November 21, 1978. Consequently, we will use the standard of review employed in *Neeley v. State* (1978), 269 Ind. 588, 382 N.E.2d 714, and look to the entire record to determine if petitioner was fully advised of and understood his constitutional rights. *Williams v. State* (1984), Ind., 468 N.E.2d 1036; *Cf. Turman v. State* (1979), 271 Ind. 332, 392 N.E.2d 483. *See also Clark v. State* (1978), 270 Ind. 104, 383 N.E.2d 321. In *Clark* the Court held that a written plea agreement setting forth appellant's rights and signed by him could be used to determine whether the plea of guilty was entered voluntarily, intelligently and knowingly. *See Creager v. State* (1985), Ind., 479 N.E.2d 47. *Crocker v. State* (1985), Ind., 475 N.E.2d 686.

■ Here, the written plea agreement signed by the appellant recited his right to a public trial and that the trial court was under no obligation to abide by the plea agreement. Furthermore, appellant's criminal record was attached as an exhibit to the plea agreement. Appellant stipulated in the plea agreement that the trial court could take his criminal record under consideration in determining the penalty resulting from the plea. We therefore hold that under the pre-*German* standard appellant's first three claims were adequately handled by the post-conviction court.

## II

Appellant also claims that the trial court erred because it did not adequately determine whether any promises, force or threats were used to obtain the plea agreement. An inquiry and determination on the element is required by I.C. § *35–4.1–1–4(a)*.

The record discloses that the trial court made this inquiry:

Q. Are you making this plea voluntarily and of your own free will?

A. Yes, sir.

■ Appellant does not assert any improper activity by the State or on its behalf. Moreover, the trial court, which accepted the guilty pleas, had an opportunity to observe appellant and hear his answers and at the time had full knowledge of the plea bargain that appellant had made with the State. An examination of the record as a whole demonstrates an inquiry and determination by the trial court receiving the plea to satisfy this statutory requirement.

## III

Appellant argues that he was denied effective assistance of counsel. He claims that he was not meaningfully represented because he met with counsel only twenty minutes.

These guidelines are to be followed when reviewing ineffective assistance claims.

THE STANDARD OF COMPETENCY: "The proper standard for attorney performance is that of reasonably effective assistance." *Strickland v. Washington* (1984), [——] U.S. [——], 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674.

THE PRESUMPTION OF COMPETENCY: "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance, after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. Cf. *Engle v. Isaac* (1982), 456 U.S. 107, 133–134, 102 S.Ct. 1558, 1574–1575, 71 L.Ed.2d 783. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance;

that is, the defendant must overcome the presumption that under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland, supra* [104 S.Ct.]. at 2065.

THE TWO PART STANDARD OF REVIEW:

"A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient-performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland, supra* at 2064.

*King v. State* (1984), Ind., 467 N.E.2d 726.

Appellant discussed the possibility of a jury trial for one of the pertinent offenses two months prior to the guilty plea hearing. Appellant had a twenty-minute conference just prior to the guilty plea hearing. After the commencement of the hearing, appellant and his counsel had another private conference. As a result of this second conference, appellant decided to enter pleas of guilty pursuant to the plea agreement. At the hearing, the trial court reviewed the charges against him and discussed the plea agreement. The record also discloses that appellant was twenty four years old at the time and had extensive experience with the criminal justice system due to prior convictions.

 Under these circumstances, we cannot say that counsel was deficient. There was adequate time to discuss the ramifications of accepting or refusing the plea agreement, especially in light of appellant's experience and maturity.

The trial court's denial of post-conviction relief is affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., not participating.