## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 31 2018, 10:17 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT *PRO SE* | ATTORNEYS FOR APPELLEE |
|---|---|
| Bruce Morgan<br>Michigan City, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana |
| | Michael Gene Worden<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bruce Morgan,<br>*Appellant-Petitioner,*<br><br>*v.*<br><br>State of Indiana,<br>*Appellee-Respondent.* | July 31, 2018<br><br>Court of Appeals Case No.<br>17A-PC-3062<br><br>Appeal from the Huntington<br>Circuit Court<br><br>The Honorable Thomas Hakes,<br>Judge<br><br>Trial Court Cause No.<br>35C01-1704-PC-8 |

**Bradford, Judge.**

# Case Summary

In 2008, pursuant to a written plea agreement, Morgan pled guilty to several counts of burglary. The trial court sentenced Morgan to fifty years of incarceration with twenty-two suspended to probation. Morgan filed a petition for post-conviction relief ("PCR"), claiming he received ineffective assistance of trial counsel and his guilty plea was not knowing, intelligent, and/or voluntary. Both claims were based on allegedly bad advice from Morgan's trial counsel. The post-conviction court denied Morgan's PCR petition in full, and Morgan appeals, claiming that the post-conviction court's ruling was clearly erroneous. Because we disagree, we affirm.

# Facts and Procedural History

On February 4, 2008, pursuant to a written plea agreement, Morgan pled guilty to eight counts of Class B felony burglary and one count of Class C felony burglary. In exchange, the State agreed to (1) not pursue a habitual offender enhancement, (2) concurrent sentencing on one of the Class B felonies and the Class C felony, and (3) a cap of twelve-and-one-half years on any initially executed sentence for each count. Pursuant to the agreement, the maximum initially executed sentence Morgan could receive was fifty years.

On March 3, 2008, the trial court sentenced Morgan to an aggregate sentence of fifty years of incarceration with twenty-two years suspended to probation. On September 26, 2008, this court, in a memorandum decision, denied Morgan's

direct appeal, concluded that Morgan had waived his right to appeal his sentence in his plea agreement. *Morgan v. State*, No. 35A02-0804-CR-350, slip op. at 3–4 (Ind. Ct. App. September 26, 2008).

[4] On April 27, 2017, Morgan filed his *pro se* PCR petition. Morgan alleged that he had been denied the effective assistance of trial counsel when he pled guilty because counsel had allegedly advised him that he could only receive an executed sentence of no more than twenty-five years. Morgan also alleged that his guilty plea was not entered knowingly, intelligently, and/or voluntarily because of trial counsel's failure to properly advise him of the terms of the plea agreement.

[5] On August 1, 2017, Morgan filed a motion for summary disposition of his claims, alleging that he had no witnesses to present, the facts were not in dispute, and the law was on his side. Attached to the motion was Morgan's affidavit, which provides as follows:

> I, Bruce Morgan, affirms [*sic*] under the penalty of perjury:
> 1. My former attorney, Stefan Poling advised me that if I pleaded guilty to nine counts of burglary, I would receive 25 years in prison.
> 2. I was under the impression that I would get 25 years in prison, and no more than 30 if he was a little off in his calculation.
> 3. If I knew that I could have got 72 years in prison, I would have never pleaded guilty, and insisted on going to trial.
> I affirm under the penalty of perjury that the foregoing is true and correct.

Appellant's App. Vol. II p. 23. On August 6, 2017, the State filed its response to Morgan's motion for summary disposition, in which it disagreed that there were no factual disputes, alleged that it had raised an affirmative defense that required the presentation of evidence, and denied that Morgan was entitled to any relief.

[6] On November 17, 2017, the post-conviction court denied Morgan's PCR petition in full. The post-conviction court concluded that Morgan had failed to present any evidence that he did not actually understand the sentencing terms of the plea agreement or that counsel had erroneously advised him regarding those terms.

# Discussion and Decision

### *Standard of Review*

[7] Morgan contends the post-conviction court erred in denying his PCR petition. Our standard for reviewing the denial of a PCR petition is well-settled:

> In reviewing the judgment of a post-conviction court, appellate courts consider only the evidence and reasonable inferences supporting its judgment. The post-conviction court is the sole judge of the evidence and the credibility of the witnesses. To prevail on appeal from denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court[.] Only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, will its findings or conclusions be disturbed as being contrary to law.

*Hall v. State*, 849 N.E.2d 466, 468, 469 (Ind. 2006) (internal citations and quotations omitted).

# I. Ineffective Assistance of Trial Counsel

Morgan contends that his trial counsel was ineffective for erroneously advising him regarding the possible penal consequences of his plea agreement. We review claims of ineffective assistance of counsel based upon the principles enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984):

> Under *Strickland* […], a claim of ineffective assistance of counsel requires a showing that: (1) counsel's performance was deficient by falling below an objective standard of reasonableness based on prevailing professional norms; and (2) counsel's performance prejudiced the defendant so much that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 687, 694, 104 S. Ct. 2052; *Lowery v. State*, 640 N.E.2d 1031, 1041 (Ind. 1994). [….] Failure to satisfy either prong will cause the claim to fail. *Vermillion v. State*, 719 N.E.2d 1201, 1208 (Ind. 1999).

*French v. State*, 778 N.E.2d 816, 824 (Ind. 2002).

In cases such as this one, where a petitioner is claiming that he received incorrect advice which affected his decision to plead guilty,

> a petitioner must establish, by objective facts, circumstances that support the conclusion that counsel's errors in advice as to penal consequences were material to the decision to plead. Merely alleging that the petitioner would not have pleaded is insufficient. Rather, specific facts, in addition to the petitioner's conclusory allegation, must establish an objective reasonable probability that

competent representation would have caused the petitioner not to enter a plea.

*Segura v. State*, 749 N.E.2d 496, 507 (Ind. 2001).

[10] The only evidence presented in support of Morgan's claim that trial counsel erroneously advised him of the penal consequences of the plea agreement is his own self-serving affidavit, which the post-conviction court was under no obligation to credit. Moreover, because Morgan presented no affidavit from his trial counsel relevant to this claim, the post-conviction court could have inferred that trial counsel would not have corroborated his claim. *See Dickson v. State*, 533 N.E.2d 586, 589 (Ind. 1989) ("Where trial counsel is not presented in support, the post-conviction court may infer that trial counsel would not have corroborated appellant's allegations.").

[11] Morgan argues that the transcript shows[1] that counsel told him and the court that the plea agreement was for no more than twenty-five years of incarceration: "We are asking you to make uh, counts I through III concurrent and counts IV through IX concurrent, uh, separately and then make those two consecutive for a sentence of twenty-five years, which I think is more appropriate, especially considering the sentence of the co-defendant." Appellant's Brief p. 4. The excerpt quoted by Morgan, even if we assume that it is accurate, is obviously nothing more than Morgan's trial counsel arguing for an aggregate sentence of

---

[1] The transcript of Morgan's guilty plea hearing is not part of the record on appeal.

twenty-five years, not telling Morgan that twenty-five years was his maximum possible sentence. The transcript excerpt does not support Morgan's claim. Because Morgan has failed to establish that his trial counsel's performance was deficient in this regard, his ineffective assistance of counsel argument fails without the need for us to determine if he suffered prejudice. *See Vermillion*, 719 N.E.2d at 1208.

## II. Voluntariness of Guilty Plea

[12] In the alternative, Morgan argues that his trial counsel's allegedly bad advice rendered his guilty plea involuntary.

> A plea of guilty is an admission or confession of guilt made in court before a judge. It is also a waiver of specific constitutional rights. Fundamental due process requires that a criminal charge be proven beyond a reasonable doubt, *In Re Winship*, (1970) 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368, and a defendant's waiver of this right must be knowing, intelligent and voluntary, and appear affirmatively on the record of the guilty plea proceedings. *Boykin v. Alabama*, (1969) 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274. In order to uphold a guilty plea as knowing and voluntary the record must provide a sufficient basis for the conclusion that the defendant was meaningfully informed of the rights and law detailed in Ind. Code § 35-4.1-1-3 (Burns 1979); *Turman v. State*, (1979) 271 Ind. 332, 392 N.E.2d 483, at 487.

*Anderson v. State*, 465 N.E.2d 1101, 1102 (Ind. 1984).

[13] As with Morgan's previous claim of ineffective assistance of trial counsel, this claim is premised on his assertion that his trial counsel erroneously advised him that his executed sentence could be no longer than twenty-five years. As

mentioned, Morgan's affidavit by itself is insufficient to warrant reversal of the post-conviction court's conclusion that Morgan was not given bad advice, and the transcript excerpt cited by Morgan does not support his position. As with his previous claim, Morgan has not established that the post-conviction court erred in declining to find that his guilty plea was rendered unknowing, unintelligent, and/or involuntary by bad advice.

[14] We affirm the judgment of the post-conviction court.

Bailey, J., and Mathias, J., concur.