## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 20 2019, 9:06 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

Jay M. Lee
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dorris L. Dooley,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | December 20, 2019<br><br>Court of Appeals Case No.<br>19A-PC-1904<br><br>Appeal from the Elkhart Superior Court<br><br>The Honorable Kristine A. Osterday, Judge<br><br>Trial Court Cause No.<br>20D01-1711-PC-59 |

**Najam, Judge.**

# Statement of the Case

Dorris Dooley appeals the post-conviction court's denial of her petition for post-conviction relief. Dooley presents a single issue for our review, namely, whether the post-conviction court erred when it found that she had knowingly, intelligently, and voluntarily entered into her guilty plea. We affirm.

# Facts and Procedural History

On June 4, 2012, Dooley pleaded guilty to battery, as a Class C felony. In her written plea agreement, Dooley wrote her initials next to each paragraph in a section entitled "Defendant's Rights," which included advisements of her *Boykin* rights—that is, her right to a jury trial, her right to confront her accusers, and her right to remain silent. Appellant's App. Vol. 2 at 26. The day of her guilty plea hearing, while Dooley was present in the courtroom, the trial court held two other guilty plea hearings. The trial court stated to each of those other two defendants that they had the right to a jury trial, the right to confront their accusers, and the right to remain silent.

When the court turned its attention to Dooley, the following colloquy ensued:

> Court: Have you had a chance to talk with [counsel] about the plea agreement?
>
> Dooley: Yes, sir.
>
> Court: Have you signed and initialed the plea agreement as a means of letting me know that you have read and understand everything that's contained in the plea agreement?

Dooley:     Yes, sir.

Court:     Ms. Dooley, earlier today with [the other two defendants entering guilty pleas], I went over the advisement of rights with somebody entering a plea of guilty, were you in open court, were you able to hear the advisement of rights, and, most importantly, did you understand the advisement of rights?

Dooley:     Yes, sir.

Court:     Thank you.

*Id.* at 57.  The trial court accepted Dooley's guilty plea and sentenced her to six years suspended to probation.  In 2014, Dooley violated the terms of her probation, and the trial court ordered her to serve the balance of her suspended sentence in Community Corrections.  In 2016, Dooley committed a violation of the Community Corrections' policies, and the court ordered her to serve the balance of her sentence in the Department of Correction.

[4]     On January 7, 2019, Dooley filed an amended petition for post-conviction relief alleging that her guilty plea was not knowing, intelligent, or voluntary because the trial court had not advised her of her *Boykin* rights at her guilty plea hearing. Following an evidentiary hearing, the post-conviction court denied her petition. In particular, the post-conviction court concluded that Dooley had been adequately advised of her *Boykin* rights given the evidence of "a signed waiver along with the questioning related to the [other defendants'] advisement of rights[.]" *Id.* at 83.  This appeal ensued.

## Discussion and Decision

[5] Dooley contends that the post-conviction court erred when it denied her petition for post-conviction relief. As our Supreme Court has made clear, post-conviction proceedings are not a "super-appeal." *Garrett v. State*, 992 N.E.2d 710, 718 (Ind. 2013) (quotation marks omitted). Rather, they provide "a narrow remedy to raise issues that were not known at the time of the original trial or were unavailable on direct appeal." *Id.* As the petitioner in such proceedings bears the burden of establishing relief in the post-conviction court, when he appeals from the denial of his petition, he "stands in the position of one appealing from a negative judgment." *Id.* To obtain our reversal of a negative judgment, the appealing party "must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court." *Id.* We will not defer to the post-conviction court's legal conclusions. *Bobadilla v. State*, 117 N.E.3d 1272, 1279 (Ind. 2019) (quotation marks omitted). And because neither party presented testimony at the evidentiary hearing, the post-conviction court ruled on a paper record. Accordingly, we review the post-conviction court's findings *de novo*. *Lee v. State*, 892 N.E.2d 1231, 1236-37 (Ind. 2008).

[6] Dooley contends that her guilty plea was not knowing, intelligent, or voluntary because the trial court did not adequately advise her of her *Boykin* rights at her guilty plea hearing. In *Ponce v. State*, our Supreme Court explained:

> As we have previously declared: "In considering the voluntariness of a guilty plea we start with the standard that the

record of the guilty plea proceeding must demonstrate that the defendant was advised of his constitutional rights and knowingly and voluntarily waived them." *Turman v. State*, 271 Ind. 332, 392 N.E.2d 483, 484 (1979) (citing *Boykin*[ *v. Alabama*], 395 U.S.[ 238,] 242, 89 S. Ct. 1709). And *Boykin* requires that a trial court accepting a guilty plea "must be satisfied that an accused is aware of his right against self-incrimination, his right to trial by jury, and his right to confront his accusers."[] *Dewitt v. State*, 755 N.E.2d 167, 171 (Ind. 2001) (citing *Boykin*, 395 U.S. at 243, 89 S. Ct. 1709). The failure to advise a criminal defendant of his constitutional rights in accordance with *Boykin* prior to accepting a guilty plea will result in reversal of the conviction. *Youngblood v. State*, 542 N.E.2d 188, 188 (Ind. 1989) (quoting *White v. State*, 497 N.E.2d 893, 905 (Ind.1986)). Accordingly, a defendant who demonstrates that the trial court failed to properly give a *Boykin* advisement during the guilty plea hearing has met his threshold burden for obtaining post-conviction relief.

9 N.E.3d 1265, 1270 (Ind. 2014). However, after a petitioner has met his burden, the State may prove "that the petitioner nonetheless knew that he was waiving such rights." *Id.* at 1273. "And where the record of the guilty plea hearing itself does not establish that a defendant was properly advised of and waived his rights, evidence outside of that record may be used to establish a defendant's understanding." *Id.*

[7] Here, the record is clear that the trial court did not give a traditional *Boykin* advisement during Dooley's guilty plea hearing. Accordingly, Dooley has met her threshold burden for obtaining post-conviction relief. *Id.* However, the State presented evidence to show that Dooley knew she was waiving her *Boykin* rights by pleading guilty. In particular, during her guilty plea hearing, the trial

court asked Dooley whether she had heard the court's advisement of rights read aloud in the two prior plea hearings and whether she had understood them. Those rights included *Boykin* rights. Dooley replied in the affirmative. The trial court also asked Dooley whether she had discussed her plea agreement with counsel, and she said, "Yes." Petitioner's Ex. C at 10. Finally, the court asked Dooley whether she had "signed and initialed the plea agreement as a means of letting [the court] know that [Dooley had] read and underst[ood] everything that's contained in the plea agreement." *Id.* Dooley replied in the affirmative. Dooley had initialed each paragraph of the "Defendant's Rights" section of her plea agreement, which spelled out her *Boykin* rights in detail. Appellant's App. Vol. 2 at 26.

[8] We hold that the State presented sufficient evidence to prove that Dooley understood her *Boykin* rights despite the trial court's failure to advise her of those rights during her guilty plea hearing. Accordingly, Dooley's guilty plea was knowing, intelligent, and voluntary. The post-conviction court did not err when it denied Dooley's petition for post-conviction relief.

[9] Affirmed.

Vaidik, C.J., and Tavitas, J., concur.